FRANK FOY, Plaintiff, *v.* THOMAS BARRY and Others, Defendants.

*Abuse of process — an offer to release a party from imprisonment, if he would induce his father to withdraw a claim in litigation and pay certain mileage, fees, constitutes an abuse.*

The complaint in an action averred that the defendant Soper was a constable of Essex county in the State of New York; that on a certain day the defendants Soper and James Barry arrested the plaintiff in the city of New York by virtue of a warrant issued by a justice of the peace of Essex county upon the affidavit of the defendant Thomas Barry; that the defendants Soper and James Barry held the plaintiff in custody in his place of business in the city of New York, and told him that if he would get his father to withdraw a claim which he was then litigating against Thomas Barry, and would, in addition, pay their mileage expenses, amounting to sixty dollars, they would release him, but that otherwise they would take him to Essex county; that the plaintiff, being in fear, explained the situation to his brother, and that the latter gave to said Soper and James Barry sixty dollars in cash and a release executed by the plaintiff's father; that the said Soper and James Barry accepted the money and release and informed the plaintiff that he was at liberty.

.FIRST DEPARTMENT, NOVEMBER TERM, 1903.    [Vol. 87.

*Held,* that as against Soper and James Barry, the complaint stated a good cause of action for an abuse of process independent of the question whether they had obtained authority to execute the warrant in the city of New York;

That it was not necessary that the complaint should aver that the warrant was taken out willfully and intentionally for an improper purpose or that it was wrongfully and willfully used for such purpose;

That the complaint did not state a cause of action against Thomas Barry, as it would be presumed that he acted within his legal rights in making the affidavit upon which the warrant was issued, and as it was not averred that he either instigated or was cognizant of the use made of the warrant or knew that it was to be used for the purposes set forth in the complaint.

MOTION by the plaintiff, Frank Foy, for a new trial upon a case containing exceptions, ordered to be heard at the Appellate Division in the first instance, upon the dismissal of the complaint by direction of the court after a trial at the New York Trial Term.

*James Kearney,* for the plaintiff.

*Thomas F. Conway,* for the defendants.

HATCH, J. :

When this case was called for trial the defendants' counsel made a motion that the complaint be dismissed upon the ground that it did not state facts sufficient to constitute a cause of action. The court granted the motion and plaintiff's counsel excepted to the dismissal as to the defendants Soper and James Barry. The plaintiff then moved for a new trial, which motion was denied, to which the plaintiff excepted, and the court ordered the exceptions to be heard by the Appellate Division in the first instance.

The complaint averred that the defendant Soper is a constable of Essex county in the State of New York; that on the 10th day of May, 1899, the defendants Soper and James Barry arrested the plaintiff while he was doing business in the city of New York, by virtue of an alleged criminal warrant issued by a justice of the peace of Essex county upon the affidavit of Thomas Barry ; that upon said arrest being made, the defendants held plaintiff in custody in his place of business, during which time the defendants James Barry and Soper told plaintiff that if he would get his (plaintiff's) father to withdraw a claim which he had made against Thomas Barry and which was then in litigation and in addition pay their mileage expenses on the warrant of arrest from Essex county to New York, amounting to sixty dollars, they would release him, otherwise they

would take him back to Essex county with them under the warrant; that the plaintiff being in fear explained the situation to his brother James Foy, for whom he was working, and said James Foy gave to said Soper and Barry sixty dollars in cash and a release from plaintiff's father, which said Soper and Barry accepted and then informed plaintiff that he was at liberty.

The complaint in this action cannot be said to be a model pleading, but we are of opinion, nevertheless, that it states a good cause of action for an abuse of process. It avers facts showing how and where use was made of the warrant, and from the facts thus averred is conveyed with considerable clearness that the defendant Soper, the constable, and James Barry made use of the warrant to compel the defendant therein to procure to be withdrawn a claim of his father against Thomas Barry, who made the affidavit upon which the warrant was issued, which claim was then in litigation, and in addition thereto to deliver a release thereof and to pay to Soper and Barry the sum of sixty dollars. It would be difficult to state a clearer cause of abuse of process than these acts constituted. Cooley on Torts (2d ed. p. 220) defines what constitutes an abuse of process in these words: "If process, either civil or criminal, is willfully made use of for a purpose not justified by the law, this is abuse for which an action will lie." In *Dishaw* v. *Wadleigh* (15 App. Div. 205) the Appellate Division in the third department, speaking through Mr. Justice Herrick, quotes the definition by Mr. Cooley with approval. Therein all the leading authorities bearing upon the subject are collected and commented upon. The case contains an elaborate and satisfactory discussion of the subject. Adopting its doctrine, as we do, without hesitation, it leaves no room for doubt but that a good cause of action for an abuse of process is stated in the present complaint. So far as appears from the record, no authority was shown to execute any warrant in the county of New York. It was issued by a magistrate in Essex county, and in order to authorize its execution in New York county proof would be required of the genuineness of the signature of the magistrate issuing the same before a magistrate in the county of New York, and authority for its execution is required to be indorsed thereon. (Code Crim. Proc. §§ 156, 157.) But whether properly indorsed so as to authorize its execution in the

county of New York or not does not affect the cause of action stated in the complaint even though it was used with such authority, if, in fact, it was used for the purpose averred therein. If executed without authority it would only accentuate the abuse, and if the facts are established as averred in the complaint, an abuse of process, very gross in its character, will have been made out. The ground stated by counsel for the dismissal of the complaint was that there was no averment that the warrant was taken out willfully and intentionally for an improper purpose, or that it was wrongfully and willfully used for such purpose. It was not necessary that it should contain such averment. (*Grainger* v. *Hill*, 4 Bing. N. C. 212; *Dishaw* v. *Wadleigh, supra.*) In an action for malicious prosecution it is a part of the cause of action that there was no probable cause for the prosecution, and that its institution was malicious; consequently these facts must be averred and proved. (*Cousins* v. *Swords*, 14 App. Div. 338; affd. on the opinion below, 162 N. Y. 625.) In the action for abuse of process the gravamen of the complaint is the using of the process for a purpose not justified by law, and to effect an object not within its proper scope; and in such action the facts may appear from which is fairly deducible the inference of wrongful and malicious use, and the pleading is sufficient if it aver facts out of which the inference arises. So far as Thomas Barry is concerned, the only averment of the complaint as to him is that he made the affidavit upon which the warrant was issued, and it is to be presumed that he acted within legal authority in so doing. There is no charge that he either instigated or had cognizance of the acts averred in the complaint or that the warrant was to be used for such purpose; consequently, no cause of action was stated as against him.

It follows from these views that the exceptions should be sustained and the motion for a new trial granted as to the defendants Soper and James Barry, with costs to the plaintiff to abide the event.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and INGRAHAM, JJ., concurred.

Exceptions sustained and motion for new trial granted as to defendants Soper and James Barry, with costs to plaintiff to abide event.