MARY McMULLEN, Respondent, *v.* MICHIGAN HOME FURNISHING CORPORATION, Appellant.*

Supreme Court, Appellate Term, First Department, December 12, 1928.

*Karelsen & Karelsen* [*Frank E. Karelsen, Jr.*, of counsel], for the appellant.

*Meyer Alterman*, for the respondent.

PER CURIAM. Appeal by defendant from an order denying its motion to dismiss the complaint on the ground that it does not state a cause of action. The complaint alleges that defendant had sued plaintiff for $31.95; that in said suit judgment was entered in favor of the plaintiff dismissing the complaint on the merits on proof that plaintiff had paid the claim; that later the defendant maliciously and for the purpose of harassing the plaintiff brought

* Affg. 132 Misc. 838.

an action to foreclose a lien on chattels and to recover the identical sum of $31.95 as had been adjudicated not due in the prior action; that plaintiff called defendant's attention to the prior adjudication, appeared personally in the second action and interposed a general denial and a defense of former adjudication, and at the second trial appeared personally to try the issues; that thereupon she was informed by defendant's attorney that a mistake had been made and that the action would be discontinued and that plaintiff need not wait, and the plaintiff thereupon left the court room. " That thereafter and through said fraud, judgment was taken by default against her," execution issued, and the marshal " levied upon and seized said chattels of the plaintiff by breaking into plaintiff's home in her absence, and that said chattels were of the value of $108.20; that by reason of the premises plaintiff has been wrongfully deprived of her property and has suffered humiliation and great mental anguish and has otherwise been damaged in the sum of $3,000."

The point at issue has been much confused by plaintiff's insistence that she has set out a cause of action for abuse of process with adequate allegations. It suffices in answer to this to quote from *Foy* v. *Barry* (87 App. Div. 291, 294): " In the action for abuse of process the gravamen of the complaint is the using of the process for a purpose not justified by law, and to effect an object not within its proper scope." (See, also, *Johnson* v. *Reed*, 136 Mass. 421.) It is quite clear that in the instant case no process has been used in a way or for a purpose other than within its proper scope. It is not claimed that this action is brought as for malicious prosecution, for reasons which need not be further discussed. But the complaint does set out an " action on the case " for an alleged fraud practiced upon the plaintiff whereby she has been deprived of property worth $108.20. We do not intimate an opinion whether plaintiff is entitled to any compensation for her alleged humiliation and mental anguish. The complaint as framed at least shows that plaintiff has been damaged in some sum by defendant's alleged " fraud," and that suffices.

Order affirmed, with ten dollars costs and disbursements, with leave to appellant to answer within five days after service of order entered hereon upon payment of said costs.

All concur; present, BIJUR, LEVY and CRAIN, JJ.