BESSIE LADER, Plaintiff, *v.* ISIDOR BENKOWITZ, Defendant.

Supreme Court, Special Term, New York County, November 7, 1946.

*Max Benkowitz* for defendant.

*Samuel J. Nachwalter* for plaintiff.

McNALLY, J. This is a motion to dismiss the complaint for alleged insufficiency. The complaint alleges that while plaintiff was a guest at defendant's hotel the latter caused a warrant to be issued for her arrest on a charge of disorderly conduct; that defendant's purpose in causing the warrant to be issued was to compel plaintiff to pay defendant's claim for the rental of a room in his hotel, which claim was unwarranted and plaintiff had refused to pay; " that defendant wilfully used said warrant for a wrongful and unlawful purpose, and not for the purpose and object for which it was intended by law to effect, in that said defendant, by duress of execution thereof, intended to, and actually did, unlawfully and wrongfully compel said plaintiff to pay a sum of money upon his demand aforesaid, and by the unlawful use of said warrant defendant did wrongfully and unlawfully obtain from the plaintiff the sum of eighty ($80.00) dollars." (The words " by duress of execution thereof " were apparently intended to be synonymous with " by threats of execution thereof ".) This interpretation is confirmed by the succeeding paragraph of the complaint, which alleges " that the defendant wilfully threatened to cause the aforesaid process to be executed by a public officer in uniform, a Constable, for its perverted object and purpose aforesaid, while the plaintiff was a guest in a Summer hotel, in the presence of others, then present ".

On a motion to dismiss for alleged insufficiency the plaintiff is entitled to have her pleading liberally construed with every intendment resolved in her favor. Thus construed, the complaint charges the defendant with having used a warrant for the arrest of plaintiff on a charge of disorderly conduct as a lever or weapon for compelling plaintiff to pay a collateral and unfounded claim, by threatening to have the warrant executed unless payment of such claim was made.

In the court's opinion, a good cause of action for abuse of process is stated. Plaintiff concedes that the complaint does not state a cause of action for malicious prosecution and, indeed, disavows any intention to plead such a cause of action. She maintains that the pleading was intended to set forth a cause of action for abuse of process. " ' The gist of the action for abuse of process lies in the improper use of process after it is issued. To show that regularly issued process was perverted

to the accomplishment of an improper purpose is enough.' " (*Hauser* v. *Bartow,* 273 N. Y. 370, 373; see, also, *Dean v. Kochendorfer,* 237 N. Y. 384, 390.) Defendant's use of the warrant for the arrest of plaintiff on a charge of disorderly conduct for the purpose of obtaining payment of a civil claim for rent was a perversion of the process to the accomplishment of an improper purpose. Had the plaintiff actually been arrested for the purpose of compelling her to pay the rent claim and then released upon payment thereof, a case of abuse of process would clearly be made out (*Foy* v. *Barry,* 87 App. Div. 291; see, also, *Dishaw* v. *Wadleigh,* 15 App. Div. 205). The fact that plaintiff yielded to defendant's threat to have her arrested under the warrant and paid the sum demanded of her does not affect or diminish her cause of action for abuse of process (see majority opinion in *Marlatte* v. *Weickgenant,* 147 Mich. 266, 80 A. L. R. 582). The case of *Bianchi* v. *Leon* (138 App. Div. 215), cited by defendant, is clearly distinguishable, for there the court found (pp. 223–224) no evidence that the arrest was to be made use of as a lever to procure a general settlement. On the contrary, the court found that Mrs. Bianchi had taken the initiative in offering to convey the realty in order to obtain her husband's release. The general language quoted by defendant from *Silverman* v. *Ufa Eastern Division Distribution, Inc.* (135 Misc. 814), must be read in the light of the fact that the wrong there complained of consisted merely of an offer to discontinue an action upon a foreign judgment in the event that the defendant performed certain acts. No threats to cause the arrest of the defendant under process issued for that purpose were involved in the cited case. The case was, at best, one of malicious prosecution of an action rather than one of abuse of process after its issuance. Similar observations are applicable to the case of *Rubenstein* v. *Rubinstein* (35 N. Y. S. 2d 926), also relied upon by defendant.

The case at bar comes within the language of Mr. Justice COHN, writing for the Appellate Division of this department, in *Miller* v. *Stern* (262 App. Div. 5, 8) to the effect that the tort of abuse of process is committed when "defendant uses or attempts to use the process of the court, not to effect its proper function, but to accomplish through it some collateral object."

The motion to dismiss is denied, with leave to answer within ten days from the service of a copy of this order with notice of entry.