HAROLD GOLDSTEIN et al., Appellants, *v.* HARRY SIEGEL et al., Respondents, et al., Defendants.

First Department, November 21, 1963.

*Eugene J. Morris* of counsel (*Robert D. Levin* and *Joel J. Spector* with him on the brief; *Demov & Morris,* attorneys), for appellants.

*S. Robert Putterman* of counsel (*Sidney H. Bender,* attorney), for respondents.

BREITEL, J. Plaintiffs appeal from order dismissing complaint for legal insufficiency. It contains three causes of action, the first for abuse of legal process, the second for false arrest, and the third for malicious prosecution. Each of the causes of action is insufficient and the order should be affirmed but with further leave to plaintiffs to serve an amended complaint.

It is true, as plaintiffs argue, that a cause of action for abuse of legal process may lie upon allegations and a showing that defendants had proceeded " solely " to compel plaintiffs to withdraw a criminal proceeding then pending against defendants (*Hauser* v. *Bartow,* 273 N. Y. 370, 373–374; *Foy* v. *Barry,* 87 App. Div. 291; *Lader* v. *Benkowitz,* 188 Misc. 906 [McNALLY, J.]; cf. Restatement, Torts, § 136, especially *Comment c.*; 1 N. Y. Jur., Abuse of Process, § 9). In short, it is not necessary for plaintiffs to allege that the process issued upon a false foundation provided by defendants. Nevertheless, the pleading, even in days of liberal pleading,* should do more than allege

---

* CPLR, § 3013; see 3 Weinstein, Korn & Miller, New York Practice, ¶¶3013.01, 3013.03.

the conclusory statement that the acts "were unlawful, wilful and malicious and an abuse of process, and were designed and perpetrated solely to compel plaintiffs to obtain the withdrawal of a criminal proceeding." This merely characterizes the motive and purpose with which defendants alleged acted, without alleging supporting ultimate facts.

In the *Hauser* case (*supra*) the complaint was found deficient, just because it did not go beyond characterizing the motive and purpose with which the questioned process was obtained. Indeed, it was stated: "It is not enough that the actor have an ulterior motive in using the process of the court. It must further appear that he did something in the use of process outside of the purpose for which it was intended." (273 N. Y. 370, 374.) In the *Foy* case (*supra*), in which the complaint was sustained, the pleading set forth, not only the motive and purpose in obtaining the process, but the manner in which it was used to bring coercive pressure to bear on the plaintiff. Thus, it was alleged that plaintiff was told by defendants he would be released from their custody if he procured his father to withdraw a claim against one of the defendants, and more besides (see 87 App. Div. 291, 292–293).

Consequently, the first cause of action as alleged is insufficient.

The second cause of action for false arrest, pleaded on behalf of one plaintiff only, is more obviously insufficient. The same language of the first cause of action with respect to purpose and motive is alleged. The arrest in this case was made on a warrant. There being no contention that the warrant was void, or even voidable, false arrest will not lie (*Marks* v. *Townsend*, 97 N. Y. 590, 596–597; 22 N. Y. Jur., False Imprisonment, §§ 14–18, 52).

The third cause of action purports to allege a claim for malicious prosecution. In this instance plaintiffs rely on the allegation that one of the defendants, acting in conspiracy with the others, testified at the hearing before a Justice of the Peace and that "solely as a result of said defendant's false and perjurious testimony plaintiff * * * was held for the Grand Jury". In addition the same allegations of motive and purpose found in the first and second causes of action reappear.

The tort of false imprisonment is based upon an unlawful detention while the tort of malicious prosecution entails prosecution, maliciously and without probable cause, of a judicial proceeding (22 N. Y. Jur., False Imprisonment, § 2). Thus, the plaintiff must allege and prove want of probable cause and malice (*Schultz* v. *Greenwood Cemetery*, 190 N. Y. 276, 278;

*Freedman* v. *New York Soc. for Suppression of Vice,* 248 App. Div. 517, 520, affd. 274 N. Y. 559).

In this pleading the allegation of false testimony is made only generally, without any indication in what respect or with what content. Indeed, the would-be operative language is only a passing characterization offered as a generalized recital of the reason for plaintiff being held for the Grand Jury.

The holding of plaintiffs for the Grand Jury by the Justice of the Peace was prima facie evidence of probable cause for the prosecution. Plaintiffs' burden by allegation and later by proof is and will be to show that the testifying defendant did not make a full and complete statement of the facts or that there was misrepresentation or falsehood (*Hopkinson* v. *Lehigh Val. R. R. Co.,* 249 N. Y. 296, 300). In *Graham* v. *Buffalo Gen. Laundries Corp.* (261 N. Y. 165, 168) the court, addressing itself to a complaint which alleged generally only that there was a want of probable cause, said: '' The facts pleaded should, however, make out a *prima facie* case. The allegations of the complaint that the plaintiff was held after a hearing by the magistrate, unexplained and uncontradicted, establish probable cause for plaintiff's arrest. The pleader should be required by appropriate allegations to overcome the effect of his admissions of the existence of probable cause * * * The defendants should be informed as to the charges they must meet.''

Hardly necessary to add, the oblique reference to false and perjurious testimony without any specification is not much better than asserting generally that there was no probable cause. In fact, it could well be that there was still probable cause although defendants painted the lily by the addition of false and perjurious testimony.

Defendants also attack the several allegations of conspiracy on the ground that no facts are alleged to identify each of the defendants with the alleged conspiracy, but that plaintiffs allege only generally that there was a conspiracy. In this connection defendants emphasize particularly with respect to the third cause of action for malicious prosecution that the only actor is one defendant, and nothing is alleged anywhere in the complaint to relate any of the other defendants to the allegedly false testimony of the actor except the general allegation of conspiracy in the third paragraph of the complaint.*

---

* The allegation of conspiracy of the first cause of action as it appears in the third paragraph of the complaint reads: '' Upon information and belief, the use of process above set forth was committed pursuant to a common scheme and conspiracy among all of the defendants.''

The second and third causes of action only refer to the conspiracy described in the third paragraph as above.

There is no substantive tort of conspiracy. Hence, there are no separable elements of a cause of action of conspiracy to allege. The allegation of conspiracy carries no greater burden, but also no less, than to assert adequately common action for a common purpose by common agreement or understanding among a group, from which common responsibility derives. (*Green* v. *Davies,* 182 N. Y. 499, 503–504; *Miller* v. *Spitzer,* 224 App. Div. 39; *Von Au* v. *Magenheimer,* 126 App. Div. 257, 262–263.) A bare conclusory allegation of conspiracy is usually held insufficient (e.g., *Supreme Specialty Mfg. Co.* v. *De Muth,* 220 App. Div. 812; *Halperin* v. *Lieberman,* 271 App. Div. 878; cf. *Kalmanash* v. *Smith,* 291 N. Y. 142, 154–155). It is better, therefore, that one allege at least some of the facts of agreement or separable acts, if any, of the alleged co-conspirators in order to support the responsibility of each for the acts of all the others. Otherwise, the allegation remains the barest of legal conclusions.

To be sure, the rules in alleging the fact of combination or conspiracy have been always rather equivocal. As good a statement as any may be found in Corpus Juris Secundum (15 C. J. S., Conspiracy, § 25): " In alleging conspiracy, a general allegation that defendants entered into a conspiracy for a certain purpose and have committed acts in furtherance thereof, without setting out the facts constituting the conspiracy, ordinarily is not sufficient, although there are some decisions to the contrary. The facts and circumstances which constitute the conspiracy, or from which it may be inferred, should be set out clearly, concisely, and with sufficient particularity; but, being mere matter of inducement, they need not be alleged with the particularity required in pleading the acts constituting the gist of the action; and as a rule great latitude is allowed in setting out in the complaint the particular acts from which the conspiracy is to be inferred, even going so far as to allow the individual acts of the conspirators to be averred." (pp. 1038–1039).

Accordingly, the order dismissing the complaint should be affirmed, with costs to defendants-respondents, but with leave to plaintiffs to serve an amended complaint within 20 days after service of the order herein, with notice of entry.

BOTEIN, P. J., MCNALLY, STEVENS and STEUER, JJ., concur.

Order, entered on August 8, 1963, unanimously affirmed, with $20 costs and disbursements to the respondents, but with leave, however, to plaintiffs to serve an amended complaint within 20 days after service upon them of a copy of the order entered herein, with notice of entry.