■ Jean D. Divonne, Respondent, v Jack Nelson et al., Appellants, et al., Defendant.—Judgment, Supreme Court, New York County, entered on July 9, 1975, in the sum of $55,929 in favor of plaintiff against defendants Jack and Ruth Nelson, unanimously reversed, on the law and the facts and the complaint dismissed, without costs and without disbursements. After a nonjury trial of this action for damages for conspiracy, the court awarded judgment to the plaintiff against the appellants for the amount indicated above on the theory of breach of contract—a theory not alleged in the pleadings and lacking the slightest support in the proof at trial. The complaint was dismissed as against defendant Stephen Nelson, and plaintiff has not appealed from that decision. In 1969 plaintiff purchased an apartment house from the appellants giving a bond secured by a purchase money mortgage as part of the purchase price. The mortgage called for monthly payments and contained acceleration provisions in the event of any default. Upon suffering a default in the monthly payments, plaintiff's corporation, the fee owner of the premises, made an assignment of rents to the appellants' son, Stephen Nelson. The assignment recited the default and provided: "whereas, pursuant to the terms of said bond and mortgage, the entire principal together with interest due thereon are now due and payable and Jack Nelson and Ruth Nelson intend to bring an action to foreclose said mortgage and to apply to the Court for the appointment of a Receiver of the rents, issues and profits of said premises, and "whereas, the said De La Forest, Inc., and Jean De La Forest-Divonne have requested the said Jack

Nelson and Ruth Nelson to refrain from making the application for the appointment of a Receiver and Jack Nelson and Ruth Nelson have agreed to refrain from doing so providing De La Forest Inc. executes this assignment". The assignment stipulated that "anything herein contained to the contrary notwithstanding, the rights of Jack Nelson and Ruth Nelson under the terms, conditions and provisions of the aforesaid mortgage are in no wise diminished or waived." Appellants commenced a foreclosure action. Plaintiff interposed an answer pleading the existence of the agreement for the assignment of rents and alleging that any failure to pay the mortgage was due solely to the negligent management of the premises by the appellants and their son, the assignee. Fraud was also pleaded as a defense but without any specifics. Judgment of foreclosure was entered upon the mortgagor's failure to appear for trial. Thereafter an unsuccessful application was made to vacate the foreclosure judgment. The instant action, alleging the assignment of rents and alleging substantially the same facts offered in excuse of the default in the foreclosure action, was commenced shortly after the unsuccessful attempt to vacate the foreclosure judgment. Plaintiff alleged that the assignee failed to perform his duties and conspired with his parents for the purpose of creating a default under the mortgage in order to cause foreclosure. It was further alleged that all of the acts of the defendants were intended to damage the plaintiff and cause him the loss of his property. The trial court erred in ruling that the assignment constituted an agreement by the appellants to forbear from foreclosing the mortgage. Clearly it did not. There is no basis for constructing such an agreement. Indeed, the assignment instrument expressly refutes its existence. The only forbearance to which the appellants can be said to have agreed in such assignment—the appellants did not execute the assignment—is an agreement to forbear from the application for a receiver pending foreclosure. As the trial court itself noted, the assignment preserved all of the appellants' rights under their mortgage one of which was to foreclose in the event of a default. The fact that there was a default is not contested. We have carefully searched the record and we conclude that there is no substantive tort of conspiracy and the complaint may well have been found insufficient as a matter of law. *(Goldstein v Siegel,* 19 AD2d 489.) Furthermore the effect of the judgment herein is to vitiate the judgment secured by the appellants in the foreclosure action. And although we do not bottom our reversal on *res judicata* we note that the two actions have "such a measure of identity that a different judgment in the [instant action] would destroy or impair rights or interests established by the [foreclosure action]." *(Schuylkill Fuel Corp. v B. & C. Nieberg Realty Corp.,* 250 NY 304, 307.) Concur—Stevens, P. J., Kupferman, Capozzoli, Lane and Nunez, JJ.