**Howard J. GREENFIELD, Plaintiff,**

v.

**Bert KANWIT, Defendant.**

**No. 77 Civ. 1240 (MEL).**

United States District Court,
S. D. New York.

July 3, 1980.

Bleakley, Platt, Schmidt & Fritz, Bleakley, Schmidt, P. C., White Plains, N. Y., for plaintiff; Maurice F. Curran, Robert D. Meade, Paul J. Giacomo, Jr., White Plains, N. Y., of counsel.

Meiselman & Farber, Poughkeepsie, N. Y., for defendant; David J. Meiselman, Poughkeepsie, N. Y., of counsel.

LASKER, District Judge.

Howard J. Greenfield, a physician, sues Bert Kanwit, who was chairman of the Peer Review Committee of the Dutchess County Medical Society in 1975 when it conducted an investigation of surgical fees charged by Greenfield. Greenfield alleges that Kanwit's actions in connection with that investigation constituted defamation, prima facie tort, and intentional infliction of emotional distress and caused the ruin of his medical practice in Poughkeepsie, New York.

Greenfield moves to amend his complaint (1) to add as defendants Vincent Beltrani and Lawrence Savetsky, two physicians connected with the investigation, (2) to add two causes of action against Kanwit, Beltrani and Savetsky for intentional infliction of emotional distress and conspiracy to commit a prima facie tort, and (3) to increase the damages claimed for the cause of action against Kanwit for commission of a prima facie tort from $350,000. to $2,500,000.

## I. The Motion to Add Defendants

A) The proposed amended complaint alleges that Beltrani on behalf of Kanwit contacted Savetsky, a staff physician and assistant professor at Columbia Presbyterian Medical Center, to obtain an evaluation from an outside medical center to be used to "disparage, discredit, and bring into disrepute plaintiff's microsurgical procedures and techniques" (¶ 18). Savetsky allegedly agreed and submitted to Kanwit a brief report which concluded that in his opinion, "the patient public and third party payors are being 'ripped off'." (Letter from Dr. Lawrence Savetsky to Dr. Bert Kanwit, January 2, 1976, p. 2; Exhibit 3 attached to Notice of Motion). The report was submitted to the Peer Review Committee in March 1976.

Since these events occurred in or before March 1976, the statute of limitations applicable to the claims against Savetsky and Beltrani—whether the one year period governing intentional torts, see N.Y. Civ.Prac.Law § 215(3) (McKinney 1972), as

Kanwit contends, or the three year period for personal injuries, *see id.* § 214(5) (McKinney Supp. 1979–1980), as urged by Greenfield—expired by the time the motion to amend was filed on October 22, 1979. Greenfield argues that he should nevertheless be permitted to assert his claims against Beltrani and Savetsky because the proposed amendment relates back to the time of the filing of the original complaint under Rule 15(c) of the Federal Rules of Civil Procedure, and because the running of the statute of limitations was tolled by the alleged fraudulent concealment of correspondence between Savetsky and Kanwit.

B) Rule 15(c) provides in pertinent part: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

Assuming that the language which refers to "changing the party against whom a claim is asserted" applies to the addition of new parties, *see* 3 Moore's Federal Practice ¶ 15.14[4.—2], at 15–224 (1979), and that the claims against Beltrani and Savetsky arise out of the "transaction or occurrence" alleged in the original complaint, which is not altogether clear, Greenfield has nevertheless not shown that the final two requirements of the Rule have been satisfied: that

is, that Beltrani and Savetsky received notice of this action and that they knew or should have known that this action would have been brought against them but for a mistake in their identity. *See Ingenito v. Bermec Corp.*, 441 F.Supp. 525, 553 (S.D.N.Y.1977).

Greenfield argues that the interests of Beltrani and Savetsky were so united with those of Kanwit because of their alleged conspiratorial relationship that service of the original complaint on Kanwit was sufficient to notify Beltrani and Savetsky (although as noted below, New York does not recognize a cause of action for civil conspiracy, we must nevertheless determine whether the claims against Beltrani and Savetsky are time barred because the other cause of action asserted is for intentional infliction of emotional distress). However, even if it is further assumed that their alleged relationship supports a finding of identity of interests, the other requirements of Rule 15(c) nevertheless must be satisfied for the proposed amendment to relate back.[1] *See* 6 C. Wright & A. Miller, Federal Practice & Procedure § 1499, at 516–17 (1971). Since as noted above, Greenfield has not made a showing that Beltrani and Savetsky received notice of the institution of this action and that they knew or should have known that but for a mistake in their identity they would have been joined as defendants here, the proposed amendment adding Beltrani and Savetsky as defendants does not relate back to the time of filing the original complaint.

C) Greenfield claims that the documents which revealed to him for the first time the involvement of Beltrani and Savetsky were fraudulently concealed by Kanwit so that the running of the statute of limitations should be tolled during the time of concealment. He contends that even though constituting a part of the Peer Review Committee file and despite repeated representa-

---

1. Greenfield relies on *Paliotto v. Hartman*, 9 Misc.2d 963, 174 N.Y.S.2d 328 (Sup.Ct.1957), for the proposition that coconspirators are united in interest, and that an amendment to add a coconspirator relates back to the filing of

the original complaint even if the statute of limitations has run. However, that case is not dispositive since it was decided under New York law, and Rule 15(c) governs here.

tions from Kanwit's counsel that the entire file had been produced, the letters disclosing Beltrani's and Savetsky's roles were not available until the taking of a third party deposition in May 1979. Kanwit answers that no concealment occurred because he had· neither control nor possession of the file, and that Greenfield knew of Beltrani's and Savetsky's participation more than a year before bringing this motion.

Be this as it may, the issue crystallized by the parties' assertions—whether Kanwit fraudulently concealed documents revealing the names of his coconspirators— need not be decided since Greenfield claims only that Kanwit concealed the information, and not that Beltrani and Savetsky participated in any concealment. The purpose of the doctrine of fraudulent concealment is to prevent a party from profiting from his *own* wrong, *see Lowell Wiper Supply Co. v. Helen Shop, Inc.*, 235 F.Supp. 640, 645 (S.D.N.Y.1964); *General Stencils, Inc. v. Chiappa*, 18 N.Y.2d 125, 272 N.Y.S.2d 337, 339, 219 N.E.2d 169 (1969), so that one who conceals facts to prevent the timely commencement of a lawsuit is estopped from pleading that defense. In each of the cases cited by Greenfield in which the doctrine has been applied, the running of the statute was tolled only as to the defendants who had committed the concealment. Here, however, Greenfield alleges no wrongdoing by Beltrani or Savetsky, and accordingly they are entitled to assert the defense.

To avoid this conclusion Greenfield argues that the claimed concealment by Kanwit is attributable to Beltrani and Savetsky because it was done in furtherance of the original conspiratorial plan. However, first, the documents on which Greenfield relies to show the original conspiracy are insufficient for that purpose. The letter from Kanwit to Savetsky requesting Savetsky's opinion reveals Kanwit's tentative conclusion as to Greenfield's conduct (Letter from Bert Kanwit to Lawrence Savetsky, December 11, 1975, Exhibit 2 to Notice of Motion), and the response from Savetsky strongly criticizes Greenfield (Letter from Dr. Lawrence Savetsky to Dr. Bert Kanwit,

January 2, 1976, Exhibit 3 to Notice of Motion); but neither supports the contention that a conspiracy to ruin Greenfield was brewing. Second, even if those letters did support the allegation of the original conspiracy, Greenfield has made no showing that the claimed concealment by Kanwit of the documents revealing the names of his alleged coconspirators was in furtherance of the conspiracy.

Accordingly, it follows that the claims against Beltrani and Savetsky are barred by the statute of limitations, and the proposed amendments do not relate back under Rule 15(c). The motion to amend the complaint to add as defendants Beltrani and Savetsky is therefore denied.

## II. The Motion to Add Causes of Action

Greenfield moves to add two causes of action to his complaint: (1) the intentional infliction of emotional distress and (2) conspiracy to commit a prima facie tort.

As to the first, since that cause of action was already alleged against Kanwit in the original complaint, it would be superfluous to sanction the amendment.

As to the second, since there is no separate cause of action under New York law for civil conspiracy, *Julien J. Studley, Inc. v. Gulf Oil Corporation*, 386 F.2d 161, 166 (2d Cir. 1967); *Ghazoul v. International Management Services, Inc.*, 398 F.Supp. 307, 311–12 (S.D.N.Y.1975); *Brackett v. Griswold*, 112 N.Y. 454, 466–67, 20 N.E. 376 (1889); *Goldstein v. Siegel*, 19 A.D.2d 489, 244 N.Y.S.2d 378, 382 (1st Dept. 1963), to permit the amendment would be futile.

Accordingly, the motion to add new causes of action is denied.

## III. The Motion to Increase Damages Claimed

Greenfield moves to amend his complaint to increase the damages sought for the claim for prima facie tort from $350,-000. to $2,500.000. Since the amount of damages awarded, if any, will be determined by the proof introduced at trial, amendment of the complaint at this time is unnecessary.

The motion to amend the complaint is denied.

It is so ordered.