**In re Robert G. BUSHNELL, Jr., Debtor.**

**No. 94–10706.**

United States Bankruptcy Court, D. Vermont.

Aug. 30, 2001.

Gerard A. Riso, Stein, Riso & Mantel, LLP, New York City, Bernard M. Lewis, Bethel, VT, for Debtor.

Mary G. Kirkpatrick, Lisman, Webster Kirkpatrick & Leckerling, PC, Burlington, VT, for Creditors.

## MEMORANDUM OF DECISION GRANTING DEBTOR'S MOTION FOR SUMMARY JUDGMENT

COLLEEN A. BROWN, Bankruptcy Judge.

This matter is before the Court pursuant to the Debtor's Motion for Summary Judgment on Objection to RICO Claims filed April 5, 2001 [Dkt. #449–1] (herein "debtor's motion for summary judgment"). This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334, and this is a core matter under 28 U.S.C. §§ 157(b)(2)(A), (B) and (O). Based upon the argument of counsel, applicable case law and the record, the motion for summary judgment is granted.

## BACKGROUND

This is not the first time the debtor's objection to the RICO claims is before this Court on a summary judgment motion by the debtor. These complex and protracted proceedings involve claims in excess of $163 million, by 34 claimants, of civil violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") against the debtor, Robert G. Bushnell, Jr. ("Bushnell"). The claimants contend that they were defrauded in connection with their purchases of interests in a series of limited partnerships referred to as the "Arbitrage Management partnerships" or the "investment partnerships" established by the debtor and his two former partners, Bernhard F. Manko ("Manko") and Jon J. Edelman ("Edelman"). Details concerning the factual and procedural background of this dispute can be found in the series of previous federal cases. *See In re Bushnell,* 199 B.R. 843 (Bankr.D.Vt.1996)(Conrad, J.), *rev'd by In re Bushnell,* 228 B.R. 811 (D.Vt.1998), *vacated by In re Bushnell,* 270 B.R. 807 (D.Vt.2000); *see also United States v. Manko,* 979 F.2d 900 (2nd Cir. 1992); *131 Main Street Associates v. Manko,* 2001 WL 199424 (S.D.N.Y. Feb.28, 2001); *131 Main Street Associates v. Manko,* 897 F.Supp. 1507 (S.D.N.Y.1995). The district court vacated its decision reversing the prior entry of summary judgment in favor of the debtor by this Court (Conrad, J.) and remanded the case following the United States Supreme Court's decision in *Rotella v. Wood,* 528 U.S. 549, 120 S.Ct. 1075, 145 L.Ed.2d 1047 (2000).

Specifically, the district court remanded this case for a determination of the following pertinent issues, in light of *Rotella v.*

*Wood:* (1) the applicability of *Rotella v. Wood* to the debtor's request for summary judgment relief; and (2) the applicability of equitable tolling as a defense to the debtor's statute of limitations claim, since equitable tolling was not specifically considered in the prior summary judgment decision of this Court (Conrad, J.). This Court granted the parties an opportunity to conduct discovery on the issue of equitable tolling and to file additional memoranda of law.

### ISSUE

The narrow issue before this Court is whether the debtor has demonstrated the absence of any genuine issue of material fact regarding the efficacy of his statute of limitations defense to the claimants' proof of claim and, if so, whether principles of equitable tolling excuse any failure by the claimants to comply with the applicable limitations period. For the reasons set forth below, this Court holds that the proof of claim submitted by these claimants is time barred and equitable relief is not warranted under either the well-settled principles of equitable tolling or under the Supreme Court's recent elucidation of RICO tolling principles in *Rotella v. Wood.*

### SUMMARY JUDGMENT STANDARD

It is well settled that summary judgment is proper only if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Fed. R. Bankr.P. 7056. A genuine issue exists only when "the evidence is such that a reasonable [trier of fact] could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)(movant need

only illustrate by reference to record plaintiff's failure to introduce evidence in support of essential element of claim). "The substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Liberty Lobby,* 477 U.S. at 247, 106 S.Ct. at 2509. Factual disputes that are irrelevant or unnecessary are not material. *Id.* Furthermore, materiality is determined by assessing whether the fact in dispute, if proven, would satisfy a legal element under the theory alleged or otherwise affect the outcome of the case. *Id.*

The court must view all the evidence in the light most favorable to the nonmoving party, *Valley Liquors, Inc. v. Renfield Importers, Ltd.,* 822 F.2d 656, 659 (7th Cir.), *cert. den.,* 484 U.S. 977, 108 S.Ct. 488, 98 L.Ed.2d 486 (1987), and draw all inferences in the non-movant's favor. *Santiago v. Lane,* 894 F.2d 218, 221 (7th Cir.1990). However, if the evidence is merely colorable, or is not significantly probative or merely raises "some metaphysical doubt as to the material facts," summary judgment may be granted. *Liberty Lobby,* 477 U.S. at 249–50, 106 S.Ct. at 2510–11; *Matsushita Electric Industries Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). In making its determination, the court's sole function is to determine whether there is any material dispute of fact that requires a trial. *See Waldridge v. American Hoechst Corp.,* 24 F.3d 918 (7th Cir.1994). Credibility determinations, weighing evidence, and drawing reasonable inferences are jury functions, not those of a judge deciding a summary judgment motion. *Liberty Lobby,* 477 U.S. at 255, 106 S.Ct. at 2513–14. Lastly, the court is not obligated in our adversary system to "scour the record" in search of a factual dispute on behalf of a nonmoving party. *See Waldridge v.*

American Hoechst Corp., *24 F.3d at 922;* see also Monahan v. New York City Department of Corrections, *214 F.3d 275, 292 (2d Cir.2000)(while trial court has discretion to conduct an assiduous review of the record in determining if summary judgment warranted, "it is not required to consider what the parties fail to point out").*

## DISCUSSION

### 1. *Statute of Limitations*

■ It is well established that a four year statute of limitations applies to civil RICO claims. *Agency Holding Corp. v. Malley–Duff & Associates, Inc.,* 483 U.S. 143, 156, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987). What has been less clear until recently is whether a cause of action accrues for purposes of the limitation period by an aggrieved party's notice of injury alone, or whether it must also be shown for accrual purposes that the claimant had actual or inquiry notice of the existence of fraud. Widespread uncertainty is this regard was resolved by the recent United States Supreme Court decision of *Rotella v. Wood, supra.* In a unanimous opinion, the Court ruled that the four year limitation period begins to run as soon as a plaintiff discovers his or her injury, regardless of any other factor. The Court also held that principles of equitable tolling may apply to a civil RICO claim. This Court has reviewed the record and the prior rulings of this Court, as well as the rulings of the other federal courts (referenced above) which have addressed this case, in order to determine whether the subject proof of claim, arising from civil RICO lawsuits initiated against Bushnell and his partners by the various claimants, is time barred on the ground that the claimants failed to initiate their suits within four years after the discovery of their injury. The Court has also considered the record and case law applicable to the equitable tolling claim asserted by the claimants.

The parties disagree as to whether this Court or the claimants are bound by the prior decisions rendered on the notice of injury issue, upon principles of collateral estoppel, law of the case, comity or otherwise. In *Rezzonico v. H & R Block, Inc.,* 182 F.3d 144 (2nd Cir.1999), the Second Circuit discusses the principles underlying the various issue preclusion doctrines and points out that common policy considerations favor "putting an end to litigation, saving judicial time, and bringing certainty to legal relations." *Id.* at 148–49. In discussing the doctrine of law of the case, the *Rezzonico* court observes that this doctrine recognizes that "when a court decides upon a rule of law, that decision should [generally] continue to govern the same issues in subsequent stages in the same case." *Id.,* quoting *Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983). The Supreme Court has defined the elements of collateral estoppel as follows: "Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). Similarly, a principal goal of judicial estoppel is to "protect judicial integrity by avoiding the risk of inconsistent results in two proceedings." *Bates v. Long Island Railroad Company,* 997 F.2d 1028, 1038 (2nd Cir.1993).

This Court gives great weight to the fact that four prior federal court decisions, including this Court (Conrad, J.), analyze the notice of injury issue in great detail and in each instance conclude that the claimants had notice of their injury arising from the

allegedly fraudulent scheme involving the subject Arbitrage Management partnerships, or investment partnerships, established by the debtor and his two former partners, more than four years prior to the date the subject suits were initiated. *See In re Bushnell,* 199 B.R. 843, 845–846 (Bankr.D.Vt.1996)(Conrad, J.), *rev'd by* 228 B.R. 811 (D.Vt.1998); *In re Bushnell,* 228 B.R. 811, 815 (D.Vt.1998), *vacated by In re Bushnell,* 270 B.R. 807 (D.Vt.2000); *see also 131 Main Street Associates v. Manko,* 2001 WL 199424, at *1–2 (S.D.N.Y. Feb. 28, 2001); *131 Main Street Associates v. Manko,* 897 F.Supp. 1507, 1515–1518 (S.D.N.Y.1995). Consistent with the foregoing principles of judicial economy and issue preclusion, this Court has examined the record independently and hereby adopts the findings of fact and conclusions of law as determined previously by these courts and specifically finds that the claimants were on notice of their injury prior to February 8, 1989. This Court expressly finds, as did Judges Conrad and Sand, that:

> By January 1988, then all of the partners—[claimants] included—knew that they had incurred tax-related expenses of a provable amount. And it was the partners' obligation to pay those expenses, not the actual payment as such, that counted as an economic injury for purposes of the accrual of RICO's statute of limitations.

*131 Main Street Associates,* 897 F.Supp. at 1516; *In re Bushnell,* 199 B.R. at 846. Therefore, this Court holds that the lawsuits underlying the claims being asserted against Bushnell by the claimants were time barred when they were commenced

on February 8, 1993 in the Southern District of New York.

### 2. *Equitable Tolling*

■ The remaining issue for determination is whether the claimants' failure to commence their actions against the debtor timely may be excused under principles of equitable tolling [1]. Once a defending party establishes that there is no genuine issue of material fact regarding a statute of limitations defense, the burden shifts to the claimant to demonstrate issues of fact regarding an equitable tolling defense to a limitations bar. *See Overall v. Estate of Klotz,* 52 F.3d 398, 403 (2nd Cir.1995); *State of New York v. Hendrickson Brothers, Inc.,* 840 F.2d 1065 (2nd Cir.1988). While this Court (Conrad, J.) referenced tangentially "the standard tolling exceptions" applicable to all rules of accrual in its prior decision, *In re Bushnell,* 199 B.R. at 850, and nonetheless disallowed the subject claims, the district court has directed this Court on remand to assess the applicability of equitable tolling as a defense to the statute of limitations bar otherwise applicable to this claim.

In *Rotella,* the Court recognized that even a diligent plaintiff who knows that she is injured may nevertheless be unable to discover that her injury arises from a RICO violation in circumstances involving fraudulent concealment. 528 U.S. at 559–61, 120 S.Ct. at 1083–84. The Court acknowledged that equitable tolling may provide a vehicle for mitigating any rigid "injury-discovery" rule. However, the *Rotella* Court acknowledged that while a "pattern of predicate acts may well be

---

1. While the parties disagree regarding whether the subject proof of claim is governed solely by the original Complaint filed in the Southern District of New York or the proposed Second Amended Complaint, the Court finds that equitable tolling is raised timely by

the claimants as a defense to the statute of limitations bar. *See In re Unioil, Inc.,* 962 F.2d 988 (10th Cir.1992); *In re Norris Grain Co.,* 131 B.R. 747 (M.D.Fla.1990), *aff'd,* 969 F.2d 1047 (11th Cir.1992).

complex, concealed, or fraudulent," those characteristics alone are not enough to toll the RICO statute of limitations. 528 U.S. at 556, 120 S.Ct. at 1075. The *Rotella* Court specifically determined that "the very nature of such tolling" is that it be "the exception, not the rule." 528 U.S. at 560, 120 S.Ct. 1075, 145 L.Ed.2d 1047. As one Circuit Court has noted, "The financial fraud victim is also not allowed to wait for time, the mother of truth, to make manifest a prohibited pattern." *Pacific Harbor Capital, Inc. v. Barnett Bank, N.A.*, 252 F.3d 1246, 1251 (11th Cir.2001). As noted in *Rotella,* one of the congressional goals under RICO is "rewarding the swift who undertake litigation in the public good." 528 U.S. at 559, 120 S.Ct. at 1083.

▉▉▉ The claimants seek to avoid the consequences of their delay by invoking the doctrine of equitable tolling, as applicable in cases of alleged fraudulent concealment. In order to establish a defense to an otherwise time barred claim on the ground of equitable tolling in the Second Circuit, a claimant must show that: (1) the defending party concealed from the claimant the existence of the claimant's cause of action; (2) upon discovering the cause of action, the claimant commenced an action within the time period prescribed by the applicable statute of limitations; and (3) the claimant's ignorance of the cause of action was not the result of a lack of diligence on his or her part. *See State of New York v. Hendrickson Brothers, Inc.,* 840 F.2d 1065, 1083 (2nd Cir.1988); *In re The Mediators, Inc.,* 190 B.R. 515, 524–526 (S.D.N.Y.1995). The claimants' equitable tolling defense must fail because they are unable to satisfy the first prong of the three prong test applicable in this circuit.

▉▉▉ The various papers filed by the claimants in support of their equitable tolling defense are replete with references to allegations of fraud and fraudulent concealment attributed to the debtor's two former partners, Manko and Edelman, and others. This Court has carefully reviewed the subject claim and the record and discerns no evidence or reference to any affirmative acts of fraudulent concealment committed by the debtor at any time. There has been no showing in the record that the debtor actively participated in any of the alleged wrongdoings of his two partners. While the parties, and to some extent the case law, disagree regarding the applicability of vicarious liability principles for civil RICO violations in a partnership setting, it is well settled in this circuit that vicarious liability principles do not apply to claims of fraudulent concealment. *See In re The Mediators, Inc.,* 190 B.R. 515, 525 (S.D.N.Y.1995), *aff'd* 105 F.3d 822 (2nd Cir.1997)("a plaintiff cannot point to the deceptive practices of one defendant, and demand equitable tolling as to all."); *O'Brien v. National Property Analysts Partners,* 719 F.Supp. 222, 232 (S.D.N.Y. 1989); *Griffin v. McNiff,* 744 F.Supp. 1237 (S.D.N.Y.1990); *Greenfield v. Kanwit,* 87 F.R.D. 129 (S.D.N.Y.1980). Indeed, this Court agrees that equitable principles should not be utilized to revive an otherwise expired time limitation against a defending party who played no role in the alleged concealment of the fraud. *See also In re The Mediators, Inc.,* 190 B.R. at 525.

The claimants have not asserted or demonstrated that Bushnell had any active involvement in the alleged civil RICO violations nor the concealment of any fraudulent scheme at issue herein. While this Court does not address today the merits of the various liability claims against the debtor as to the alleged RICO violations, it holds that without a determination that the debtor actually concealed the fraudulent acts the claimants cannot avail themselves of equitable tolling principles. The record makes clear that the debtor ceased

to be involved in the subject partnerships after August 2, 1984. Therefore, the debtor could not be found to have been involved in any of the alleged acts of concealment that occurred after that date. Under well-settled principles of equity and accountability, this Court declines to extend any fraudulent concealment defense to an otherwise time barred claim against the debtor. Nor have the claimants provided evidence of any other potential defenses that might somehow toll their failure to act timely in the pursuit of their claim against Bushnell.

Lastly, it should be noted that the claimants raise an additional argument, that the subject transactions constituted "self-concealing" fraud, thereby rendering the debtor vicariously liable to the claimants. This point is equally unavailing. In raising this argument, the claimants rely upon the Second Circuit case of *New York v. Hendrickson Brothers, Inc.*, 840 F.2d 1065 (2nd Cir.1988), which relied upon the earlier United States Supreme Court case of *Bailey v. Glover*, 21 Wall. 342, 88 U.S. 342, 22 L.Ed. 636 (1874). *Bailey v. Glover* set down the early contours of the "self-concealing" fraud defense by stating that the purpose of the defense is to prevent a defendant from "concealing a fraud, or . . . committing a fraud in a manner that it concealed itself until such time as the party committing the fraud could plead the statute of limitations to protect it." *Bailey v. Glover*, 88 U.S. at 349, 22 L.Ed. 636. The Second Circuit held that a plaintiff may prove fraudulent concealment sufficient to toll the running of the statute of limitations if she establishes: (1) that the defendant concealed from him the existence of his cause of action, (2) that he remained in ignorance of that cause of action until some point within four years of the commencement of his action, and (3) that his continuing ignorance was not attributable to lack of diligence on his part.

*See New York v. Hendrickson Brothers, Inc.*, 840 F.2d at 1083 (and cases cited therein).

In this instance, the claimants fail to satisfy the requirements of a "self-concealing" fraud on various grounds. First, there is no evidence proffered that Bushnell participated in or concealed the RICO cause of action. Second, as indicated above, the claimants became aware of the accrual of their cause of action more than four years before initiating suit. Third, claimants have failed to show evidence that the subject transactions were the type discussed in *New York v. Hendrickson Brothers, Inc.*, supra, i.e., that subsequent fraudulent transactions were necessary to hide earlier fraudulent transactions. Moreover, it is undisputed that the claimants had access to the partnership books and records, and that subsequent scrutiny by the IRS resulted in disallowance of the tax benefits pertaining to the subject transactions. To accept the claimants proposition of a "self-concealing" fraud in this instance is to allow the exception to swallow the rule inasmuch as some element of concealment is an unavoidable attribute of nearly all fraudulent schemes, RICO or otherwise. As noted by the Supreme Court in *Rotella v. Wood*,

Whatever disputes may arise about pinpointing the moment a plaintiff should have discovered an injury to himself would be dwarfed by the controversy inherent in divining when a plaintiff should have discovered a racketeering pattern that might well be complex, concealed or fraudulent, and involve harm to parties wholly unrelated to an injured plaintiff.

528 U.S. at 559, 120 S.Ct. at 1083; *see also Moeller v. Zaccaria*, 831 F.Supp. 1046 (S.D.N.Y.1993). Based upon the record, claimants have failed to show a "self-concealing" fraud or that Bushnell played any

role in the alleged acts of concealment committed by his former partners.

## CONCLUSION

Based upon the foregoing, the debtor's motion for summary judgment is granted because the claimants failed to file their underlying claim in accordance with the applicable four year RICO statute of limitations and they have not shown that principles of equitable tolling are applicable to resurrect their claim. Accordingly, the subject claim is disallowed.