SUMMARY ORDER
Plaintiff-Appellant Ashok Kashelkar appeals from the district court’s September 2007 judgment adopting a report and recommendation (Katz, Mag. J.) that the district court grant the Defendants-Appellees’ motions to dismiss Kashelkar’s complaint. We assume the parties’ familiarity with the remaining facts and the proceedings in the district court.
Kashelkar argues that the district court erred in granting the Defendants-Appellees’ motions to dismiss his complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). We review de novo the district court’s grant of a Rule 12(b)(6) motion. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir.2002).
The district court properly dismissed Kashelkar’s federal claims. Kashelkar failed to state a claim against any Defendant-Appellee under 42 U.S.C. § 1983, as he failed to allege that any of the Defendants-Appellees were state actors. See Ciambriello v. County of Nassau, 292 F.3d 307, 323 (2d Cir.2002) (holding that, to state a claim under Section 1983 against a private party, a complaint must allege facts showing that the private party was acting “under color of state law”). He also failed to allege sufficient facts to state a claim under 42 U.S.C. § 1985. See Gyadu v. Hartford Ins. Co., 197 F.3d 590, 591 (2d Cir.1999) (“[A] complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss.”) (internal quotation marks omitted). Kashelkar’s 42 U.S.C. § 1981 claims fail as well, as he alleged neither that he was a member of a racial minority nor that the DefendantsAppellees had discriminated against him on that basis. See Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087 (2d Cir.1993) (“To establish a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute .... ”). Finally, because 18 U.S.C. § 1341 does not create a private right of action, Kashelkar failed to state a cognizable claim under the mail fraud statute. See Official Publications, Inc. v. Kable News Co., 884 F.2d 664, 667 (2d Cir.1989) (noting that the Mail Fraud Act does not create a private right of action).
The district court also properly dismissed Kashelkar’s state law claims. With respect to the fraud claim, Kashelkar alleged neither that he had relied on any Defendant-Appellee’s misrepresentation, see Cohen v. Houseconnect Realty Corp., 289 A.D.2d 277, 278, 734 N.Y.S.2d 205, 206 (2d Dep’t 2001), nor any of the particulars required by Federal Rule of Civil Procedure 9(b). Further, his complaint was not sufficient to state a claim that the Defendants-Appellees conspired to defraud him, as he did not allege specific times, facts or circumstances relating to the alleged conspiracy between the Defendants-Appellees, nor did he allege a wrongful act in furtherance of the conspiracy. See Gold- *693 stein v. Siegel, 19 A.D.2d 489, 492, 244 N.Y.S.2d 378, 382 (1st Dep’t 1963) (“A bare conclusory allegation of conspiracy is usually held insufficient.”). Kashelkar also failed to state a claim under New York Judiciary Law § 487, as his complaint articulated neither what damages he allegedly suffered as a result of the DefendantAppellees’ alleged deceit nor any instance in which any Defendant-Appellee engaged in conduct intended to deceive Kashelkar or the relevant court. See N.Y. Jud. Law § 487 (providing for civil liability where an attorney “[i]s guilty of deceit or collusion ... with intent to deceive the court or any party ...”).
Finally, Kashelkar’s remaining claims, which constitute an attack on the process by which this case was decided below, lack merit. To the extent that Kashelkar alleges that the district court judge was biased against him, he points to no evidence of judicial bias in the record other than his dissatisfaction with the court’s rulings, and “judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.” Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). There is also no evidence to support Kashelkar’s claim that district court personnel mishandled his case or improperly decided his claims. The district court did not violate Kashelkar’s constitutional rights by referring the case to a magistrate judge, as authorized by 28 U.S.C. § 636(b)(1)(B) and (C). See United States v. Raddatz, 447 U.S. 667, 680-81, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980) (finding that the Federal Magistrates Act does not violate due process).
For the foregoing reasons, we AFFIRM the judgment of the district court.