■ BASIL G. LITRAS et al., Respondents, v JOHN G. LITRAS et al., Appellants. [681 NYS2d 545] —In an action, *inter alia*, to recover damages for unfair competition, the defendants appeal, as limited by their notice of appeal and brief, from stated por-

tions of a judgment of the Supreme Court, Westchester County (Fredman, J.), entered July 11, 1996, which, upon a jury verdict, is in favor of the plaintiffs and against them in the principal sum of $355,000.

Ordered that the judgment is modified by deleting so much of the first through fourth decretal paragraphs thereof as awarded the plaintiffs damages and costs; as so modified, the judgment is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Westchester County, for a new trial on the issue of damages only, with costs to abide the event.

Although an independent cause of action for civil conspiracy is not recognized in this State (see, Plymouth Drug Wholesalers v Kirschner, 239 AD2d 479), a plaintiff may plead the existence of a conspiracy in order to connect the actions of the individual defendants with an actionable, underlying tort and establish that those actions were part of a common scheme (see, Alexander & Alexander v Fritzen, 68 NY2d 968; American Preferred Prescription v Health Mgt., 252 AD2d 414; Smukler v 12 Lofts Realty, 156 AD2d 161; see also, Brackett v Griswold, 112 NY 454).

Here, the plaintiffs alleged in the complaint, inter alia, that the individual defendants committed certain torts. The sixth cause of action alleged that the defendants conspired to commit those torts as part of a common scheme to destroy the plaintiffs' business. The verdict sheet reveals that the jury found that each of the three individual defendants and the defendant Dahill Funeral Home committed one of the underlying torts specified in the complaint, and that all of the defendants conspired to commit such tortious acts as part of a scheme to destroy the plaintiffs' business. Accordingly, the defendants were jointly and severally liable for any compensatory and punitive damages awarded for the underlying torts.

The defendants failed to allege any ground for setting aside the jury's verdict on the issue of liability, and the jury's findings of fact through question six of the verdict sheet are affirmed. There must be a new trial on the issue of damages, however, as the verdict sheet improperly permitted the jury to award compensatory and punitive damages as if the conspiracy were an independent tort.

We have considered the defendants' remaining contentions and find them to be either unpreserved for appellate review or without merit. O'Brien, J. P., Thompson, Santucci and McGinity, JJ., concur.