OPINION OF THE COURT
Herbert Kramer, J.
Should a plaintiff in a New York products liability action be permitted to allege a cause of action for the willful failure to warn?[1]
Plaintiff Clyde Anderson smoked cigarettes manufactured by R.J. Reynolds, Lorillard and Philip Morris. The liability of the remaining defendant manufacturers[2] and two industry-based research organizations is premised in part upon the theory that these defendants conspired to willfully fail to warn of the dangers of cigarette smoking.[3]
Defendants question, on policy grounds, the wisdom and fairness of submitting the willful failure to warn to the jury. *406 They point out that the willful failure to warn evolved from a line of cases whose subject matter was the obligation of landowners under General Obligations Law § 9-103 (Seminara v Highland Lake Bible Conference, 112 AD2d 630 [3d Dept 1985]), and argue that this cause of action is not applicable and should not be applicable to products liability cases.
The defendants insist that where, as here, the wrongdoing alleged is akin to the perpetuation of a fraud upon the public by failing to inform of a known defect, the only appropriate vehicle for framing the charge lies in an allegation of fraudulent concealment rather than in a cause of action for the willful failure to warn. The defendants would use fraudulent concealment as the standard because fraudulent concealment requires proof by clear and convincing evidence as well as proof that the consumer actually relied on the manufacturer’s silence.[4] The willful failure to warn does not require this level of proof.[5]
Defendants argue that “[p]laintifFs claim * * * [which] * * * alleges intentional wrongdoing, spanning decades, involving multiple defendants [implicated through] claims of conspiracy and concerted action” should not be sustained by evidence that *407 falls far below the standard imposed for proof of fraud.[6] Thus, defendants argue, in a products liability case, the institution of a cause of action for the willful failure to warn will make it all too easy for industry-wide liability to unjustly attach and is not and should not be the law in New York.
Contrary to the defendants’ contentions, a cause of action premised upon the willful failure to warn has been recognized in products liability actions in New York and elsewhere and has been deemed an appropriate vehicle for the assessment of punitive damages. (See e.g. Home Ins. Co. v American Home Prods. Corp., 75 NY2d 196 [1990]; Owens-Illinois, Inc. v Zenobia, 325 Md 420, 601 A2d 633 [1992]; Southland Corp. v Marley Co., 815 F Supp 881 [D Md 1993], revd on other grounds 52 F3d 321 [1995].)
In Home Ins. Co. (75 NY2d 196, supra), a two-year-old child was given a drug in suppository form. The manufacturer was aware of certain risks inherent in the administration of the drug in suppository form, including the risk of severe intoxication and death, yet failed to warn the medical profession of these risks. The child sustained grave injuries including severe impairment of mental function. The matter ultimately came before the New York Court of Appeals[7] which characterized the defendant manufacturer’s conduct as willful and wanton and opined that “[w]hile no case involving punitive damages in a strict products litigation has come before our court, nothing in New York law or public policy would preclude an award of punitive damages in a strict products case, where the theory of liability is failure to warn and where there is evidence that the failure was wanton or in conscious disregard of the rights of others. A products liability action founded on a failure to warn involves conduct of the defendant having attributes of negligence * * * which the jury may find sufficiently wanton or reckless to sustain an award of punitive damages.” {Id., at 204.)
It may be argued that allowing a plaintiff to use the willful failure to warn as a basis for the recovery of punitive damages is not quite the same as allowing the plaintiff to base a charge *408 of conspiracy on it and level it against manufacturers whose product he did not actually purchase. The answer to this question lies in the mechanism whereby culpability is to be established. Where, as here, there is an insistence upon proof by clear and convincing evidence of the existence of an agreement[8] to willfully fail to supply information to the consumer incorporating as it does proof of the conspirator’s recognition of the consequences of its conduct there is neither a legal nor a policy-driven distinction between liability and damages in the application of the tort of a willful failure to warn.
If it is appropriate to recognize a calculated decision to fail to warn in assessing punitive damages, it is equally appropriate to make each and every knowing participant in that calculated decision responsible for the outcome of its agreement and its conduct. This is particularly true in the context of tobacco litigation since a specific warning by even one cigarette manufacturer may well have sufficed to alert smokers of competing brands.
Accordingly, this court holds that, where as here the facts support the claim of a willful failure to warn, evidence on such claim will be received and the jury will be charged with this cause of action.

. This trial concluded in a verdict for the defendants on June 27, 2000. Since this issue may well reappear in the next trial scheduled to commence on September 5, 2000, and has larger implications in terms of the ongoing tobacco litigation, this decision is being issued.

. The parent companies were dismissed from the case by stipulation.

. In response to motions and cross motions for summary judgment, by decision and order dated April 4, 2000 this court determined that the causes of action for willful failure to warn and fraudulent concealment are viable pre-1969 and are preempted post-1969 and support a theory of conspiracy. Causes of action for negligent design and strict products liability are viable both pre- and post-1969, but are limited to the manufacturers of the brands plaintiff actually smoked, that is, R.J. Reynolds Tobacco Company, Lorillard Tobacco Company and Philip Morris Inc. This court dismissed on evidentiary *406 grounds the causes of action for fraudulent misrepresentation and breach of express warranty. By stipulation between the parties the plaintiffs have voluntarily discontinued the cause of action for breach of implied warranty.

. The elements of fraudulent concealment were charged to the jury as follows: one who conceals the truth from another person with intent to deceive that person is liable to that person if that person justifiably relies upon the defendant for information and the absence of that information causes the plaintiff to suffer damage. In order to make out this claim plaintiff must prove by clear and convincing evidence that (1) the defendant under consideration had superior knowledge to that of the consumer with respect to the fact that smoking causes lung cancer; (2) the defendant under consideration intentionally kept silent about this fact, (3) with the intent to deceive plaintiff, and (4) plaintiff, during the period that he was smoking that defendant’s brand, justifiably relied upon the fact that the defendant under consideration did not disclose the link between smoking and cancer; and (5) the purposeful concealment by the defendant under consideration of the connection between smoking and lung cancer was a substantial factor in causing the plaintiff’s lung cancer.

. The elements of the willful failure to warn were charged as follows: plaintiff must establish, by clear and convincing evidence and separately as to each defendant that (1) the defendant under consideration actually knew that smoking causes lung cancer or believed that it is probable that such was the fact but deliberately shut its eyes to avoid learning the truth; and (2) that armed with this actual knowledge or deliberate avoidance, the defendant under consideration consciously or deliberately disregarded the potential harm to consumers, and (3) failed to warn consumers of the fact that cigarette smoking causes lung cancer, (4) which fact the user of the product ordinarily would not discover, and (5) that such willful failure to warn was a substantial factor in the cause of plaintiff’s lung cancer.

. “[A] conspiracy must rest on an intentional tort.” (Geiger v American Tobacco Co., 181 Misc 2d 875, 882 [Sup Ct, Queens County 1999].)

. The judgment which included $13 million in punitive damages was recovered in an Illinois trial court against American Home Products upon a jury verdict and was affirmed on appeal. The question certified to the New York Court of Appeals from the Second Circuit Court of Appeals is whether the excess insurance policy covers the punitive damages award.

. It is indeed crucial to our approach that the plaintiff be held to proof of actual agreement rather than proof of some tacit understanding which could readily blur into and become impermissible proof of mere parallel activity. (Rastelli v Goodyear Tire & Rubber Co., 79 NY2d 289, 295 [1992]; Hymowitz v Eli Lilly & Co., 73 NY2d 487 [1989]; Altman v Fortune Brands, 268 AD2d 231 [1st Dept 2000].)