OPINION OF THE COURT
Herbert Kramer, J.
How do we reconcile a Federally preempted cause of action for fraudulent concealment with a permitted cause of action for conspiracy to misrepresent or conceal material facts in a smoker’s personal injury action under New York law?
This is the second in a series of smoker suits in the Kings County Tobacco Litigation to be subjected to review upon motions for summary judgment.[1] In Anderson, the first such suit, the defendants moved for summary judgment claiming, inter alia, that the cause of action for fraudulent concealment was preempted by the 1969 Cigarette Labeling Act (15 USC § 1331 *411 et seq.) and must be dismissed. Defendants further argued that, under principles of New York law, a cause of action based upon a conspiracy to commit the tort of fraudulent concealment must similarly be dismissed since the underlying claim must be dismissed and without such claim there can be no viable cause of action for conspiracy. This court agreed and held, in Anderson, that the cause of action for fraudulent concealment was preempted under the Labeling Act.[2]
In Davis,[3]
 [4]the allegations with respect to fraudulent concealment were virtually identical to those in Anderson and the claim for fraudulent concealment was dismissed in summary fashion for the same reasons. This expanded decision follows.
Our determination of questions of Federal preemption is perforce molded by the decision of the United States Supreme Court in Cipollone v Liggett Group (505 US 504 [1992], supra).* In Cipollone, the smoker’s allegations with respect to fraudulent misrepresentation claims were allegations that “respondents had willfully, ‘through their advertising, attempted to neutralize the [federally mandated] warnin[g]’ labels” and with respect to the fraudulent concealment claims alleged that the defendant cigarette companies “possessed, but had ‘ignored and failed to act upon’ medical, and scientific data indicating *412 that ‘cigarettes were hazardous to the health of consumers’.” (Id. at 510.)[5]
In determining what claims could be tried as State-based common-law damage claims after 1969 and which could not, the plurality began with the language of section 5 (b) of the Act (15 USC § 1334 [b]) and used it as a grid against which to test each of the individual claims. It appeared that the plurality intended to preempt those claims that met each and every one of the criteria for preemption enumerated in this provision and deny preemption to those claims that did not satisfy each and every criteria. In so doing, the plurality asked “whether the legal duty that is the predicate of the common-law damages action constitutes a ‘requirement or prohibition based on smoking and health * * * imposed under State law with respect to * * * advertising or promotion.’ ” (Cipollone, supra, 505 US, at 523 [emphasis added].)[6]
However, in analyzing the intentional fraud claims, the plurality deviated considerably from that strategy. First, it determined that fraudulent misrepresentation of a material fact and concealment of a material fact were both predicated on the State law duty not to make false statements of material facts or conceal such facts. Next, the plurality determined that neither of these claims are predicated on a duty based upon *413 smoking and health. According to the plurality both of these intentional fraud claims are based on the more general obligation, the “duty not to deceive.” (Cipollone, supra, 505 US, at 529.)
It would seem, therefore, that neither of these claims should be preempted. Indeed, claims of fraudulent misrepresentation are not preempted, even those “that do arise with respect to advertising and promotions.” (Cipollone, supra, 505 US, at 528.) However, when the fraud stems from the concealment of a fact, the section 5 (b) elements of advertising and promotion are taken into account. If the claim alleges that the defendants were obligated to disclose the concealed facts by means of advertising and promotion, then such claim is preempted. However, where the “claims rely on a state-law duty to disclose such facts through channels of communication other than advertising or promotion,” those claims are not preempted. (Cipollone, supra, 505 US, at 528.)[7]
Accordingly, here, as in Anderson, this court held that plaintiffs claim of fraudulent concealment was preempted after 1969 because the plaintiff was unable to show its reliance on any State law duty to disclose such facts through channels of communication other than advertising or promotion.[8] (See, Tompkins v R.J. Reynolds Tobacco Co., 92 F Supp 2d 70, 81, supra [“Plaintiffs fail to identify in either their complaint, proposed amended complaint, or opposition papers to summary judgment what state-law duty existed that would have required [defendant] to reveal such information through means other than advertising. Such identification is necessary to save the claim from preemption.”].)
Unfortunately, in its analysis of the cause of action for conspiracy to misrepresent or conceal material facts, the plurality collapsed the distinction it had just created between misrepre *414 sentation and concealment and merged the two, holding that conspiracy is not preempted because it is not a prohibition based on smoking and health.[9] If this holding is read as allowing a claim of conspiracy to go forward even where, as here, the underlying cause of action for fraudulent concealment is preempted and the cause of action for misrepresentation is dismissed for failure of proof, the result simply cannot be squared with New York’s view of the law of civil conspiracy.
“New York does not recognize civil conspiracy to commit a tort as an independent cause of action.”[10] (Pappas v Passias, 271 AD2d 420, 421 [2d Dept 2000] [“(s)ince the fraud cause of action was dismissed, the ninth cause of action, which alleged a conspiracy to defraud the plaintiff, was also properly dismissed”].) As the Court of Appeals, in a tobacco suit, recently held: “As a result [of the failure of plaintiffs common-law fraud claims], there is no independent tort to provide a basis for liability under their concert of action, conspiracy, and aiding and abetting theories. These causes of action must fail as well.” (Small v Lorillard, supra, 94 NY2d, at 57.)
Thus, in a case in which fraudulent misrepresentation and concealment are alleged and the evidence makes out a prima facie case of fraudulent misrepresentation, a conspiracy claim based upon misrepresentation and concealment would not be preempted and could, under proper factual circumstances, be submitted to the jury. (See Litras v Litras, 254 AD2d 395 [2d Dept 1998].)[11]
*415 However, where, as here, no such underlying intentional tort remains in the post-1969 era, then the claim for conspiracy in the post-1969 era must be dismissed, not because it is preempted, but because it has no underlying independent tort to provide a basis for liability.
Accordingly, the claims for fraudulent concealment and conspiracy to fraudulently conceal material facts post-1969 are dismissed.

. In both Anderson v Fortune Brands (187 Misc 2d 404) and in the instant matter this court decided the summary judgment motions in accordance with the decision of the United States Supreme Court in Cipollone v Liggett Group (505 US 504 [1992]) as follows: causes of action for failure to warn were deemed viable pre-1969 and preempted post-1969; the willful failure to warn was viable pre-1969 and supported concerted action theories; fraudulent misrepresentation was not preempted but was dismissed on evidentiary grounds; fraudulent concealment was viable pre-1969 but preempted post-1969. Conspiracy to commit intentional fraud was unsupported by an independent underlying tort post-1969 and hence was not submitted to the jury in Anderson. Negligent design and strict products liability were viable pre- and post-1969. Causes of action for express and implied warranties were dismissed or severely limited on Statute of Limitations grounds. (See n 6, infra.)

. Decision on the motions for summary judgment in Anderson was rendered in March of 2000. No notice of appeal was filed. The Anderson case was tried to verdict. In June of 2000 the jury returned a defendants’ verdict finding that cigarette smoking was not a substantial factor in the cause of the plaintiffs lung cancer.

. Susan Davis’ husband began smoking in the early 1960s and continued smoking until 1992. He died of lung cancer in 1995. Susan Davis commenced this suit in 1997 against defendant tobacco companies and two industry-related research organizations alleging causes of action for the failure to warn prior to 1969, fraud and deceit, negligent misrepresentation, negligent and defective design, strict products liability and breaches of express and implied warranties.

. This is the authoritative decision in this area — and while we may not be able to live too easily with it — we cannot do without it. Cipollone (supra) is a decision carved out of two extreme approaches to the preemption provision of the 1969 Cigarette Labeling Act. The Justices sitting at one extreme would rule that the Act preempts all of the petitioner’s claims, while those opposed would not preempt any of them. The plurality decision that emerged was one that gerrymandered its way through the various causes of action “creating] a crazy quilt of pre-emption from among the common-law claims [there] implicated.” (Cipollone, supra, 505 US, at 542-543 [Blackmun, J., concurring in part and dissenting in part].) As Justice Blackmun predicted, “I can only speculate as to the difficulty lower courts will encounter in attempting to implement today’s decision.” (Cipollone, supra, 505 US, at 543-544 [concurring in part and dissenting in part].)

. Here it is alleged that the defendants “failed to disclose the material facts regarding the dangerous and addictive nature, properties and propensities of the cigarettes by concealing and suppressing material facts regarding the dangerous and addictive nature, properties and propensities of its cigarettes.” The evidence submitted by the plaintiff in opposition to the defendant’s summary judgment motion was directed toward demonstrating that “The cigarette manufacturers conducted a public relations campaign to disinform the public, hide and misrepresent scientific research on smoking and health, and create doubt in the minds of the public that smoking was hazardous.”

. To get the flavor of the plurality’s analytical method — the breach of express warranty claim is not preempted because “[a] manufacturer’s liability for breach of an express warranty derives from, and is measured by, the terms of that warranty. Accordingly, the ‘requirementfsT imposed by an express warranty claim are not ‘imposed under State law,’ [emphasis added] but rather imposed by the warrantor.” (Cipollone, supra, 505 US, at 525.) The failure to warn claims were preempted “to the extent that they rely on a state-law ‘requirement or prohibition [presumably based on smoking and health] * * * with respect to * * * advertising or promotion.’ Thus, insofar as claims * * * require a showing that respondents’ post-1969 advertising or promotions should have included additional, or more clearly stated, warnings, those claims are pre-empted. The Act does not, however, pre-empt petitioner’s claims that rely solely on respondents’ testing or research practices or other actions unrelated to advertising or promotion.” (Cipollone, supra, 505 US, at 524 [emphasis added].)

. The plurality explained that “if state law obliged respondents to disclose material facts about smoking and health to an administrative agency, § 5(b) would not pre-empt a state-law claim based on a failure to fulfill that obligation.” (Cipollone, supra, 505 US, at 528.)

. This court held that fraudulent misrepresentation was not preempted; however, the plaintiff was unable to provide any evidence of reliance upon a particular misrepresentation and thus that cause of action was dismissed. All we have is inadmissible hearsay to the effect that television ads made smoking seem cool. (See, Small v Lorillard Tobacco Co., 94 NY2d 43, 57 [1999] [“To make out a prima facie case of fraud, the complaint must contain allegations of a representation of material fact, falsity, scienter, reliance and injury”]; see also Tompkins v R.J. Reynolds Tobacco Co., 92 F Supp 2d 70, 83 [ND NY 2000] [plaintiffs failed to establish that the plaintiff relied on any RJR advertising or promotional statements in deciding whether to smoke].)

. The plurality characterizes petitioner’s final claim as “a conspiracy among respondents to misrepresent or conceal material facts concerning the health hazards of smoking.” The plurality holds that the “predicate duty underlying this claim is a duty not to conspire to commit fraud [and concludes for the reasons stated in connection with the intentional fraud claim that] * ** * this duty is not pre-empted by § 5(b) for it is not a prohibition ‘based on smoking and health’ as that phrase is properly construed.” (Cipollone, supra, 505 US, at 530.)

. Indeed, this is the rule in many, if not most, jurisdictions. (See In re: Orthopedic Bone Screw Prods. Liab. Litig., 193 F3d 781, 789 [3d Cir 1999] [surveying the field and holding that “The established rule is that a cause of action for civil conspiracy requires a separate underlying tort as a predicate for liability. Thus, one cannot sue a group of defendants for conspiring to engage in conduct that would not be actionable against an individual defendant. Instead, ‘actionable civil conspiracy must be based on an existing independent wrong or tort that would constitute a valid cause of action if committed by one actor’.”].)

. In Litras (supra, at 396), the plaintiffs alleged that “the individual defendants committed certain torts. The sixth cause of action alleged that the defendants conspired to commit those torts as part of a common scheme *415 to destroy the plaintiffs’ business. The verdict sheet reveals that the jury found that each of the three individual defendants and [a fourth defendant] committed one of the underlying torts specified in the complaint, and that all of the defendants conspired to commit such tortious acts as part of a scheme to destroy the plaintiffs’ business. Accordingly, the defendants were jointly and severally liable for any compensatory and punitive damages awarded for the underlying torts.”