■ ELDAD COHEN et al., Respondents, v HOUSECONNECT REALTY CORP. et al., Defendants, and STEVEN GALLIN, Appellant. [734 NYS2d 205] —In an action, *inter alia,* to recover damages for fraud, the defendant Steven Gallin appeals from so much of an order of the Supreme Court, Queens County (Lisa, J.), dated March 9, 2001, as denied those branches of his motion which were to dismiss the third and fourth causes of action insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted in its entirety, the complaint is dismissed insofar as asserted against the appel-

lant, and the action against the remaining defendants is severed.

To establish a prima facie case of actual fraud, a plaintiff must present proof that (1) the defendant made material representations that were false, (2) the defendant knew the representations were false and made them with the intent to deceive the plaintiff, (3) the plaintiff justifiably relied on the defendant's representations, and (4) the plaintiff was injured as a result of the defendant's representations (*see, Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403, 407; *113-14 Owners Corp. v Gertz,* 123 AD2d 850, 851; 60 NY Jur 2d Fraud and Deceit § 223). Each of the foregoing elements must be supported by factual allegations containing the details constituting the wrong sufficient to satisfy CPLR 3016 (b) (*see, Black v Chittenden,* 69 NY2d 665, 668; *Priolo Communications v MCI Telecommunications Corp.,* 248 AD2d 453, 454; *Michaelson v Scaduto,* 205 AD2d 507, 508).

The complaint does not contain any allegations setting forth the alleged material misrepresentations the defendant Steven Gallin made to the plaintiff, and contrary to the Supreme Court's decision, no such allegations are contained in the plaintiff's affidavit submitted in opposition to Gallin's motion (*see, Garelick v Carmel,* 141 AD2d 501, 502). Thus, even taking into account the plaintiff's additional submissions (*see, Barclay Arms v Barclay Arms Assocs.,* 74 NY2d 644, 647; *Arrington v New York Times Co.,* 55 NY2d 433, 442, *cert denied* 459 US 1146), the third cause of action insofar as asserted against Gallin should have been dismissed.

The fourth cause of action, which appears to allege a claim to recover damages for negligent misrepresentation since it contains the additional element that the defendant Gallin was acting in his professional capacity (*see, Kimmell v Schaefer,* 89 NY2d 257, 263-264; *Prudential Ins. Co. v Dewey, Ballantine, Bushby, Palmer & Wood,* 80 NY2d 377, 384), likewise fails to set forth the alleged misrepresentations made by Gallin. The alleged negligent misrepresentations are also omitted from the plaintiff's affidavit submitted in opposition to the motion. Therefore, the fourth cause of action insofar as asserted against Gallin should have been dismissed. H. Miller, J. P., Townes, Crane and Cozier, JJ., concur.