■ PINE EQUITY NY, INC., Appellant, v MANHATTAN REAL ESTATE EQUITIES GROUP LLC et al., Respondents. [770 NYS2d 16]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about November 21, 2002, which denied plaintiff's motions for a preliminary injunction and for leave to serve an amended complaint, granted defendants' cross motion for summary judgment dismissing the complaint, and awarded defendants costs and expenses, including attorneys' fees, unanimously affirmed, with costs.

In moving to amend its complaint, plaintiff sought to buttress its claim that it had been fraudulently induced to sell its interest in defendant Manhattan Real Estate Equities Group after that entity had unsuccessfully sought to acquire an interest in the Commander Hotel, in reliance upon defendants' oral representations that they were no longer interested in pursuing that transaction. Plaintiff's reliance on such representations was unreasonable because the parties' fully integrated agreement terminating their affiliation made no reference to the Commander transaction, it stated that the parties waived any claims arising from a transaction not specifically set forth in the

agreement, and it contained a general merger clause (*see Danann Realty Corp. v Harris*, 5 NY2d 317 [1959]). Plaintiff failed to substantiate the falsity of defendants' alleged oral representation that the *"deal was dead"* (*see Cohen v Houseconnect Realty Corp.*, 289 AD2d 277 [2001]; *cf. Abramson v Leo*, 240 App Div 343, 353 [1934]).

Plaintiff's argument that it needed discovery, under CPLR 3212 (f), to oppose defendants' summary judgment motion, is unpreserved and unpersuasive. We have considered plaintiff's remaining arguments and find them unavailing. Concur—Buckley, P.J., Nardelli, Tom, Mazzarelli and Sullivan, JJ.