Nils **BALTUS–MICHAELSON**, Guenther **Bartussek**, Luitpold **Roever**, Wolfgang **Raether**, Goetz Von Bentzel, Edmond Desmet, Martin Griehs,

Autohaus Augsberg, Cornelia Dueren, Volker Klemens, Michael Wiedemann, Nico Kummer, Warren Stanchina, U.S. Golf Services & Development, Inc., Ekkehard Vogel, Plaintiffs,

Wolfgang Dueren, Tilo Neu–Kauschke, Plaintiffs–Appellants,

v.

CREDIT SUISSE FIRST BOSTON, LLC, Defendant–Appellee.

No. 04–0416–CV.

United States Court of Appeals, Second Circuit.

Nov. 23, 2004.

J. Joseph Bainton, Bainton McCarthy LLC, New York, NY, for Plaintiffs–Appellants.

Howard B. Comet, Weil, Gotshal & Manges LLP (Celia A. Cohen, on the brief), New York, NY, for Defendant–Appellee.

PRESENT: LEVAL, STRAUB, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues. After undertaking *de novo* review of the district court judgment dismissing Plaintiffs–Appellants' claims for lack of standing, we now affirm.

It is well-settled that shareholders lack standing to assert individual claims based on injury to the corporation.[1] *Bankers Trust Co. v. Rhoades*, 859 F.2d 1096, 1101 (2d Cir.1988) (citing *Rand v. Anaconda–Ericsson, Inc.*, 794 F.2d 843 (2d Cir.), *cert. denied*, 479 U.S. 987, 107 S.Ct. 579, 93 L.Ed.2d 582 (1986)). A shareholder may, however, bring a direct suit to redress injury that is separate and distinct from

---

1. Defendant–Appellee argues that Utah Law, rather than New York law, should govern this dispute. However, Defendant–Appellee also acknowledges—and we agree—that in the absence of a conflict between the laws of the competing jurisdictions, the choice of law does not matter. *See IBM Corp. v. Liberty Mut. Ins. Co.*, 363 F.3d 137, 143 (2d Cir. 2004). The parties have not brought to our attention any material variations in the law of shareholder standing that would present a conflict in this case, and we discern none.

**310**

injury sustained by the corporation, *see Bankers Trust*, 859 F.2d at 1101, such as that resulting from breach of an independent duty owed to the shareholder, *see Ceribelli v. Elghanayan*, 990 F.2d 62, 63–64 (2d Cir.1993). *See also Vincel v. White Motor Corp.*, 521 F.2d 1113 (2d Cir.1975). Here, Plaintiffs–Appellants' claims are based on injury suffered as existing shareholders. Moreover, the duties they allege in connection with the loan transaction are not independent of duties owed to the corporation generally. *See id.* at 1121–22 (duty owed to shareholders by trustee was "indistinguishable from the duty owed to the corporation .... [t]rustee did not undertake a fiduciary commitment, for example, a particular stockholder holding a minority share of a corporation"). Furthermore, the injury claimed—loss of investment value—affects all shareholders and the corporation equally and may only be raised in a derivative suit. *See Strougo v. Bassini*, 282 F.3d 162, 169 (2d Cir.2002) ("[S]hareholder injuries deriving from diminution of corporate assets [are] an injury quintessentially remediable by shareholders only through a derivative action").

Finally, though Plaintiffs–Appellants' complaint may be read to allege that their stock holdings were diluted when Defendant–Appellee was issued 25% of the common stock in GCA, the shareholders are not seeking to redress that injury here. That is, the injury claimed by Plaintiff–Appellants as a result of Defendant–Appellee's conduct is not lost ownership interest, but rather, "los[s][of] substantially all of their investment in GCA." Thus, this case is distinguishable from those in which shareholders were allowed to bring direct actions to redress diminished ownership interest or diminished control. *See Horwitz v. Balaban*, 112 F.Supp. 99, 101–02 (S.D.N.Y.1949) (allowing direct action to enjoin dilution of stock interest by improper issuance of convertible note option); *cf.*

*Strougo*, 282 F.3d at 175 (allowing direct action where "[t]he alleged injuries resulting from the coercive nature of the rights offering do *not* derive from a reduction in the value of the Fund's assets or any other injury to the Fund's business"). As Plaintiffs–Appellants have failed to allege a duty owed to them or injury sustained by them that is separate and distinct from that of the corporation, their claims may not be raised in a direct suit.

For the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.